70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jack BEERY, Plaintiff-Appellant,
v.
GEMSTAR DEVELOPMENT CORPORATION, Henry C. Yuen and Daniel S.
Kwoh, Defendants-Appellees.
 No. 95-1179.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Dec. 19, 1995.
 
 Before BRYSON, Circuit Judge, COWEN, Senior Circuit Judge, and NIES, Senior Circuit Judge.*
 DECISION
 BRYSON, Circuit Judge.
 
 
 1
 This is an appeal from a final order of the United States District Court for the Central District of California, No. CV 93-4868, granting the defendants' motion for summary judgment of noninfringment. We affirm.
 
 BACKGROUND
 
 2
 Beery is the inventor of a television control device claimed in re-examined U.S. Patent No. B1 5,068,734 (the '734 patent). As the specification of the '734 patent explains, the invention permits a viewer to tune in a television program using a user-created label in place of the television channel number. Claim 25 is representative of the claims allegedly infringed by the defendants. Claim 25 recites, in pertinent part, "a memory means for storing at least one operator-assigned channel select designation"; a means for generating a signal that, depending on the mode of operation, conveys either the "desired channel select designation" or the desired viewing channel (or tuning designation) that is associated with the operator-selected channel select designation; and a means for retrieving the channel tuning designation that corresponds to the "operator selected channel select designation."
 
 
 3
 The claimed device operates in two modes: program mode and select mode. In program mode, the operator enters a desired label for a television channel into the device; in select mode, the operator or a third party uses the previously entered label to cause the television to tune in the desired channel. For example, the operator may wish to enter call letters or a network name as the label for a particular channel. After entering that label into the device so that the label is associated with the desired channel, the operator may thereafter tune in that channel simply by selecting the designated call letters or network name.
 
 
 4
 In late 1988, Gemstar Development Corporation, through its inventors Yuen and Kwoh, began developing a device for programming a videocassette recorder (VCR) to record a television program. That development resulted in the accused device, which is manufactured and sold by Gemstar under the name VCRPlus+ TM controller.
 
 
 5
 The VCRPlus + TM controller operates using "PlusCodeTM numbers," which are published alongside listings for television programs in newspapers and television magazines. The PlusCodeTM numbers encode the channel, date, and time for each program as well as the length of the program. Once an individual selects a program to record, he simply enters the PlusCodeTM number into the VCRPlus+ TM controller. The controller then causes the VCR to tune in the correct channel at the correct date and time, record the desired program, and shut itself off when the program is finished.
 
 
 6
 Each nationally published PlusCodeTM number contains only one encoded channel number. Many television stations, however, are carried on different channels in different locations. For example, broadcasts from the Home Box Office (HBO) station might be carried on channel 33 in one part of the country and on channel 17 in another. In order for consumers anywhere in the country to use a single system of PlusCodeTM numbers, the VCRPlus + TM must be programmable to take account of the different channel numbers that are used to receive the same stations in different areas.
 
 
 7
 The programming process is quite simple: The channel designation for each station contained in the PlusCodeTM number is known as the "Guide Channel number." The VCRPlus+ TM device comes with a chart that lists the Guide Channel numbers for different stations. If the number of the channel on which a particular station is carried in the consumer's viewing area is the same as the Guide Channel number, the consumer need not program the device at all. However, if the number of the channel on which a particular station is received is not the same as that station's Guide Channel number, the consumer is directed to enter the Guide Channel number and the viewing channel number into the controller in response to prompt messages on the VCRPlus+ TM display. For example, the chart shows that the VCRPlus+ TM Guide Channel number for HBO is 33. If a consumer receives HBO on channel 33 in his viewing area, he need not reprogram the VCRPlus+ TM controller at all. If, on the other hand, the consumer receives HBO on another channel, such as channel 17, he must enter the numbers 33 and 17 into the VCRPlus+ TM controller. After that programming step is completed, the VCRPlus+ TM controller will tune in channel 17 when the PlusCodeTM number directs the selection of channel 33. Thus, once the consumer has completed the programming process, the VCRPlus+ TM controller will automatically tune in the program associated with a particular PlusCodeTM number in the national television listings when the operator enters that PlusCodeTM number into the device.
 
 
 8
 In 1993, Beery brought suit against the defendants alleging direct, induced, and contributory infringement of the '734 patent based on the fact that the VCRPlus+ TM controller can be programmed to convert Guide Channel numbers to viewing channel numbers. He did not base his claim on the device's function of locating a channel using PlusCodeTM numbers.
 
 
 9
 Beery moved for partial summary judgment, claiming that the defendants infringed claims 10, 25, and 29 of the '734 patent. The defendants moved for summary judgment of non-infringement as to all asserted claims. The district court denied Beery's motion, granted the defendants' motion, and dismissed the complaint.
 
 
 10
 The district court focused principally on the terms "operator-assigned channel select designations" and "operator selected channel select designations," which appear in each of the disputed claims. In light of the specification, the court concluded that the two terms are synonymous and that they mean that the operator of the claimed device is free to select a channel designation of his choice, which the operator or a third person can then use to tune in the desired channel. The VCRPlus+ TM system, the court explained, does not permit the operator to select a channel designation of his choice. Instead, the channel conversion step in the operation of the VCRPlus+ TM system requires the operator to enter specific, designated numbers in order for the device to work. The court therefore concluded that the asserted claims of the '734 patent, all of which contained the "operator-assigned channel select" limitation, did not read on the defendants' device. Moreover, the court found that the Gemstar device did not achieve the same result in the same way as the claimed apparatus, and that there was therefore no infringement on the basis of the doctrine of equivalents.
 
 DISCUSSION
 
 11
 We concur in the district court's claim construction and therefore agree that the defendants did not infringe Beery's patent rights. The claim describes the "channel select designation" as either "operator-assigned" or "operator selected." Those terms convey that the channel label, or "channel select designation," is chosen by the operator. If there were any doubt as to the meaning of those terms in the claims, it would be dispelled by the specification, which refers to the purpose of the invention as permitting the viewer or a third party to "select his own channel designations to accommodate his own preference." Thus, we agree with the district court that the claimed invention is limited to a device that is able to accept a label of the operator's choice.
 
 
 12
 Contrary to Beery's contention, the district court did not read into the claims a limitation derived from one of the preferred embodiments in the specification. The claims, and every disclosed embodiment, recite the capacity to accept and use a label freely chosen by the operator. In fact, it is fair to say that the operator's freedom to choose a label or set of labels convenient to him is the very object of Beery's invention.
 
 
 13
 The district court also did not improperly narrow the claims by construing them to require that the person using the claimed device must be the same person who selected the channel designation. Nothing in the district court's construction of the claims suggests that the same person has to perform both tasks. What the claim language requires is that an operator of the device select a channel designation of his choice; the district court did not construe that language to require that the person who makes that selection be the one who subsequently uses the device to tune in the desired viewing channel.
 
 
 14
 The VCRPlus+ TM controller does not infringe the '734 patent claims as construed. It is undisputed that the VCRPlus+ TM controller will work only when preassigned channel designations (ordinarily, the Guide Channel numbers) are used in the channel conversion process. Although Beery urges that the accused device can be programmed using other preassigned designations that might be published in program listings, that does not change the fact that the accused device cannot store and process whatever labels an operator might desire; the use of labels other than the designated ones would not enable the device to tune in the desired television channels, as is required by the claims of the '734 patent. The inability of the accused device to function with labels of the operator's choice thus precludes a finding of literal infringement.
 
 
 15
 For the same reasons, the VCRPlus+ TM controller does not infringe the '734 patent under the doctrine of equivalents. The VCRPlus+ TM controller does not perform the function of Beery's invention--to allow the operator to select channel designations of his choice. Although the accused and claimed devices both employ channel conversion--a concept that Beery concedes was well known in the prior art--the two devices employ that concept in different ways to achieve quite different results. Moreover, there is no evidence of copying in this case, as the VCRPlus+ TM device was already on the market when Beery's patent issued. This is not a case in which the defendants have appropriated Beery's invention and have disguised their appropriation by making an insubstantial change in the device having no material effect on its operation.
 
 
 
 *
 Judge Nies assumed senior status on November 1, 1995